UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

E-DATA CORPORATION,

    Plaintiff,

    v.

CORBIS CORPORATION, *et al.*,

    Defendants.

Case No. C04-1733L

ORDER GRANTING MOTION FOR RELIEF FROM DEADLINES AND SUSPENDING MARKMAN BRIEFING AND HEARING

This matter comes before the Court on the "Motion for Relief from Deadlines and To Suspend Markman Briefing and Hearing" (Dkt. # 58) filed by defendant Corbis Corporation ("Corbis").

Pursuant to this Court's scheduling order, Corbis is required to file its responsive claim construction brief by July 1, 2005, and the parties are scheduled to participate in a Markman hearing on July 27, 2005. Corbis argues that claim construction briefing and the Markman hearing are unnecessary because the relevant claims have previously been construed by the United States Court of Appeals for the Federal Circuit. See Interactive Gift Express, Inc. v. Compuserve Inc., 256 F.3d 1323 (Fed. Cir. 2001).

As the Court has noted, patent infringement cases require a two step analysis. "First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process." Carroll Touch, Inc. v.

ORDER GRANTING MOTION FOR
RELIEF FROM DEADLINES AND
SUSPENDING MARKMAN BRIEFING
AND HEARING

1 Electro Mechanical Sys., Inc., 15 F.3d 1573, 1576 (Fed. Cir. 1993).  The first step of the
2 analysis is generally conducted through a Markman hearing.  As plaintiff has previously
3 acknowledged, however, the term "material object" has already been construed by the Federal
4 Circuit in Interactive Gift Express, 256 F.3d at 1335-38.  Plaintiff was a party to that prior suit,
5 was fully able to advance its interpretation of the term, and has relied on the interpretation given
6 to the term "material object" in its submissions to this Court.  There is no question that the
7 Federal Circuit has provided a clear, thorough, and comprehensive construction of the claim.

8   What is more, plaintiff's concerns regarding the "meaning of 'material object' as
9 construed by the Federal Circuit" (Dkt. # 65, Opp. at p. 2) are more appropriately addressed
10 during the second step of the infringement analysis, in which the Court will apply the terms, as
11 properly construed, to the allegedly infringing device or system.  Corbis has recently filed a
12 motion for summary judgment that raises this very issue.  Plaintiff will have the opportunity to
13 address the meaning of material object as it applies to the accused device in its opposition to that
14 motion.

15   For the foregoing reasons, defendant's Motion for Relief from Deadlines and To Suspend
16 Markman Briefing and Hearing (Dkt. # 58) is GRANTED.  The Markman hearing scheduled for
17 July 27, 2005 is SUSPENDED pending the resolution of Corbis' summary judgment motion.
18 The deadlines for filing claim construction briefing are STRICKEN.

19

20   DATED this 30th day of June, 2005.

21

22

23         *[signature]*
        Robert S. Lasnik
24         United States District Judge

25

26

ORDER GRANTING MOTION FOR
RELIEF FROM DEADLINES AND
SUSPENDING MARKMAN BRIEFING
AND HEARING