1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

E-DATA CORPORATION,

10

      Plaintiff,

Case No.  C04-1733L

11

      v.

ORDER GRANTING CORBIS'S
MOTION FOR SUMMARY

12

CORBIS CORPORATION, *et al.*,

JUDGMENT AND REQUESTING
ADDITIONAL BRIEFING ON

13

      Defendants.

ATTORNEY'S FEES

14

15

     This matter comes before the Court on the Motion for Summary Judgment (Dkt. # 51)

16

filed by defendant Corbis Corporation ("Corbis").  For the reasons set forth below, the motion is

17

granted.  The Court, however, defers ruling on Corbis's request that it be awarded attorney's

18

fees under 35 U.S.C. § 285 until the Court has received additional briefing from the parties.[1]

19

**I. BACKGROUND**

20

     The factual and procedural background regarding this dispute has already been set forth

21

in this Court's Order Granting Summary Judgment and Requesting Additional Briefing On the

22

Issue of Attorney's Fees (Dkt. # 47, the "Prior Order").  In the Prior Order, the Court held that

23

24

     [1]Corbis requested oral argument.  Because the matters relating to the substantive claims against

25

Corbis can be decided on the memoranda, declarations, and exhibits submitted by the parties, the request
for oral argument is DENIED.  Corbis, of course, may renew its request for oral argument in its

26

additional briefing regarding attorney's fees.

ORDER GRANTING CORBIS'S MOTION
FOR SUMMARY JUDGMENT AND
REQUESTING ADDITIONAL BRIEFING
ON ATTORNEY'S FEES

1  defendant Getty Images, Inc. ("Getty") did not literally infringe U.S. Patent No. 4,528,643 (the

2  "'643 Patent"). The Court relied on the Federal Circuit's construction of two of the '643

3  Patent's terms, "material object" and "point of sale location." See Prior Order at p. 4 (citing

4  Interactive Gift Exp., Inc. v. Compuserve Inc., 256 F.3d 1323, 1333 & 1338 (Fed. Cir. 2001).

5  The term "material object" was construed by the Interactive Gift Court

> to be a tangible medium or device in which information can be embodied, fixed, or
> stored, other than temporarily, and from which the information embodied therein
> can be perceived, reproduced, used or otherwise communicated, either directly or
> with the aid of another machine or device. A material object must be offered for
> sale, and be purchasable, at point of sale locations where at least one IMM is
> located. Further, a material object must be separate and distinct from the IMM,
> removed from the IMM after purchase, and intended for use on a device separate
> from the IMM either at the point of sale location or elsewhere. 'Material object'
> does not encompass the hard disk component of a personal computer. Finally, a
> material object need not be offered for sale independently from the information
> that may be reproduced onto the material object, that is, as a blank.

12  Interactive Gift, 256 F.3d at 1338.

13      The Federal Circuit construed the term "point of sale location" to mean "'a location

14  where a consumer goes to purchase material objects embodying predetermined or preselected

15  information.'" Id. at 1333 (citing '643 Patent, col. 5, ll. 47-50).

16      The Prior Order compared Getty's system for licensing images over the internet to the

17  claims and limitations set forth in the '643 Patent. The Court held that Getty does not literally

18  infringe the '643 Patent because Getty's system for licensing images does not involve the sale of

19  "material objects" and because the typical licensing and downloading of a Getty image does not

20  convert a personal computer into a "point of sale location." The Court also held that Getty does

21  not infringe under the doctrine of equivalents and that Getty does not indirectly infringe the '643

22  Patent. The Court denied E-Data's request for a continuance under Fed. R. Civ. P. 56(f), and

23  requested further briefing from the parties regarding an award of attorney's fees under 35 U.S.C.

24  § 285.

25      In its motion for summary judgment, Corbis contends that, like Getty, it licenses the

26  rights to photographic images and makes its images available for download through its website.

ORDER GRANTING CORBIS'S MOTION
FOR SUMMARY JUDGMENT AND
REQUESTING ADDITIONAL BRIEFING
ON ATTORNEY'S FEES

1  Corbis contends, and E-Data does not dispute, that "in all respects material to issues of

2  infringement of the '643 patent, the Getty and Corbis systems are the same."

## II. DISCUSSION

**A.   Standard of Review.**

5       As in other civil disputes, summary judgment in patent infringement proceedings is

6  proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together

7  with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

8  moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

9       A court must construe all facts in favor of the party opposing summary judgment.  <u>See</u>

10  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  Once the moving party has

11  demonstrated the absence of a genuine issue of fact as to one or more of the essential elements

12  of a claim or defense, the opposing party must make an affirmative showing on all matters

13  placed at issue by the motion as to which the opposing party has the burden of proof at trial.  <u>See</u>

14  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  In such a situation, Fed. R. Civ. P. 56(e)

15  "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the

16  'depositions, answers to interrogatories and admissions on file,' designate 'specific facts

17  showing that there is a genuine issue for trial.'"  <u>Id.</u> at 324 (<u>quoting</u> Fed. R. Civ. P. 56(e)); <u>see</u>

18  <u>also</u> <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986)

19  ("When the moving party has carried its burden under Rule 56(c), its opponent must do more

20  than simply show that there is some metaphysical doubt as to the material facts").

**B.   Claim Construction.**

22       A determination of infringement requires a two step analysis. "First, the claim must be

23  properly construed to determine its scope and meaning.  Second, the claim as properly construed

24  must be compared to the accused device or process."  <u>Carroll Touch, Inc. v. Electro Mechanical</u>

25  <u>Systems., Inc.</u>, 15 F.3d 1573, 1576 (Fed. Cir. 1993).  With regard to the first step, the claim

26  terms at issue here have previously been construed by the Federal Circuit in <u>Interactive Gift</u>.

ORDER GRANTING CORBIS'S MOTION
FOR SUMMARY JUDGMENT AND
REQUESTING ADDITIONAL BRIEFING
ON ATTORNEY'S FEES

1   This Court relied on the <u>Interactive Gift</u> claim constructions in its Prior Order and will do so

2   here.

3          The second step of the infringement analysis, determining whether a particular device

4   infringes a properly construed claim, is generally a question of fact.  <u>See</u> <u>Fromson v. Advance</u>

5   <u>Offset Plate, Inc.</u>, 720 F.2d 1565, 1569 (Fed. Cir. 1983).  Nevertheless, summary judgment is

6   appropriate where, *inter alia*, no reasonable fact finder could find infringement.  <u>See</u>

7   <u>Warner-Jenkinson Co., Inc v. Hilton Davis Chem. Co.</u>, 520 U.S. 17, 39 n.8 (1997).

8   **C.     Literal Infringement and Infringement Under the Doctrine of Equivalents.**

9          Proving literal infringement requires E-Data to show that the system for licensing images

10  over the internet used by Corbis contains each of the limitations set forth in the '643 Patent's

11  claim.  <u>See</u> <u>Bowers v. Baystate Techs.</u>, 320 F.3d 1317, 1334 (Fed. Cir.), <u>cert. denied</u>, 539 U.S.

12  928 (2003).  "If even one limitation is missing or not met as claimed, there is no literal

13  infringement."[2]  <u>Mas-Hamilton Group v. LaGard, Inc.</u>, 156 F.3d 1206, 1211 (Fed. Cir. 1998).

14  To prove infringement under the doctrine of equivalents, E-Data must show that even if Corbis's

15  system does not literally infringe, "there is 'equivalence' between the elements of the accused

16  product or process and the claimed elements of the patented invention."  <u>Warner-Jenkinson</u>, 520

17  U.S. at 21.  If a single limitation of a claim or its equivalent is not present in the accused device,

18  then that device cannot infringe under the doctrine of equivalents.  <u>See</u> <u>Pennwalt Corp. v.</u>

19  ─────────────────────

20          [2]E-Data argues that it need only show that "Corbis's system is reasonably capable of performing

21  in an infringing manner."  Dkt. # 61, Opp. at p. 4 (<u>citing</u> <u>Hilgraeve Corp. v. Symantec Corp.</u>, 265 F.3d
    1336, 1343 (Fed. Cir. 2001)).  The standard set forth in <u>Hilgraeve</u>, however, only applies to infringement

22  of a product claim, not infringement of the method claim at issue here.  <u>See</u> <u>In re Dippin' Dots Patent</u>
    <u>Litig.</u>, 249 F. Supp. 2d 1346, 1368 (N.D. Ga. 2003).  Accordingly, the Court applies the general standard

23  set forth by the Federal Circuit:  "summary judgment of no literal infringement is proper when no genuine
    issue of material fact exists, in particular, when no reasonable jury could find that every limitation recited

24  in the properly construed claim either is or is not found in the accused device."  <u>Irdeto Access, Inc. v.</u>
    <u>Echostar Satellite Corp.</u>, 383 F.3d 1295, 1299 (Fed. Cir. 2004) (internal citation and quotation omitted).

25  In any event, even if the <u>Hilgraeve</u> standard were to apply, E-Data has still not met its infringement

26  burden.

ORDER GRANTING CORBIS'S MOTION
FOR SUMMARY JUDGMENT AND
REQUESTING ADDITIONAL BRIEFING
ON ATTORNEY'S FEES

1   Durand-Wayland, Inc., 833 F.2d 931, 936 (Fed. Cir. 1987) (en banc.).

2          E-Data does not dispute that Corbis's system for licensing images over the internet is in

3   all material respects identical to the system used by Getty and found to be non-infringing by this

4   Court.  E-Data tries to escape the summary judgment cross-hairs by suggesting that Interactive

5   Gift "does not preclude the interpretation that information purchased (or licensed) at the point of

6   sale location can be embodied or copied onto a blank provided by the consumer of the

7   information at the point of sale location."  Dkt. # 61, Opp. at p. 3.  For all of the reasons set

8   forth in the Prior Order, E-Data is mistaken.[3]  Corbis's system for transferring information does

9   not directly infringe the '643 Patent or infringe under the doctrine of equivalents.

10         Most notably, E-Data's latest argument recognizes that Corbis does not sell tangible

11  objects, but only leases information transferred over the internet.  The term "material object,"

12  however, describes a "tangible medium or device."  Interactive Gift, 256 F.3d at 1338.  Under E-

13  Data's latest theory, Corbis only sells information which is later embodied onto a tangible

14  object.  As this Court has previously held, the term "material object" as construed by Interactive

15  Gift forecloses this argument:

16             Although . . . information may subsequently be copied onto a "material object,"
               this occurs after the sale of the information to the customer.  The system described
17             by the '643 Patent, on the other hand, does not just sell information, but sells
               information that has been copied onto a material object.  As the Interactive Gift
18             court made clear, the '643 Patent requires not just the purchase of information, but
               also 'the purchase of the material object by the consumer.'"
19

20  Prior Order at p. 5 (citing Interactive Gift, 256 F.3d at 1338) (emphasis in Prior Order).  The

21  Interactive Gift court left no doubt that the '643 Patent "provides a system for the distributed

22  manufacture and sale of material objects at multiple locations directly serving consumers."

23  _____

24         [3]E-Data argues that the "Patent provides support for this position," Opp. at p. 4, and cites
    generally to its claim construction brief.  (Dkt. # 56).  The language of the '643 Patent, however, only
25  supports the conclusion reached by the Federal Circuit and by this Court.  The '643 Patent requires that a
    consumer go to a point of sale location "to purchase material objects embodying predetermined or
26  preselected information."  '643 Patent, col. 5, ll. 48-50 (emphasis added).

    ORDER GRANTING CORBIS'S MOTION
    FOR SUMMARY JUDGMENT AND
    REQUESTING ADDITIONAL BRIEFING
    ON ATTORNEY'S FEES

1   Interactive Gift, 256 F.3d at 1327.  Regardless of the type of information transferred, "the

2   invention requires the purchase of the material object by the consumer, and the material object

3   must contain information that was copied onto it at the point of sale location."  Id. at 1328.  Put

4   simply, the sale of information through Corbis's system does not infringe the '643 Patent.  This

5   is true even if Corbis customers subsequently embody the information onto a material object.

6        E-Data also suggests that its proposed construction transforms the information sold by

7   Corbis into a material object.  This argument, however, fails to recognize that the newly

8   advanced construction is not supported by the terms of the '643 Patent or the Federal Circuit's

9   claim construction.  Indeed, the Federal Circuit held that "[a] material object cannot be the

10  information itself."  Interactive Gift, 256 F.3d at 1336.  E-Data's strained efforts to expand the

11  meaning of "material object" cannot escape the Interactive Gift holding.

12       For the reasons stated above and for the reasons set forth in the Prior Order, Corbis does

13  not literally infringe the '643 Patent and does not infringe under the doctrine of equivalents.

14  **D.    Indirect Infringement.**

15       Corbis has also moved for summary judgment on E-Data's claim that it indirectly

16  infringed the '643 Patent.  In its opposition, E-Data does not contest this assertion.  For the

17  reasons set forth in the Prior Order, Corbis's motion to dismiss the indirect infringement claims

18  is granted.

19  **E.    E-Data's Rule 56(f) Motion.**

20       E-Data argues that summary judgment is premature and urges this Court to postpone

21  ruling on the motion until E-Data has an opportunity to conduct further discovery.  Fed. R. Civ.

22  P. 56(f) states:

23           Should it appear from the affidavits of a party opposing the motion that the party
             cannot for reasons stated present by affidavit facts essential to justify the party's
24           opposition, the court may refuse the application for judgment or may order a
             continuance to permit affidavits to be obtained or depositions to be taken or
25           discovery to be had or may make such other order as is just.

26  The information E-Data seeks to discover is identical to the information it claimed merited a

ORDER GRANTING CORBIS'S MOTION
FOR SUMMARY JUDGMENT AND
REQUESTING ADDITIONAL BRIEFING
ON ATTORNEY'S FEES

1   Rule 56(f) continuance when faced with Getty's summary judgment motion.  <u>Compare</u> Dkt. #

2   37at pp. 8-9 <u>with</u> Dkt. # 61 at p. 8.  The Court denies E-Data's request for a continuance for the

3   same reasons set forth in the Prior Order.  <u>See</u> Prior Order, pp. 9-11.

4   **F.     Award of Attorney's Fees or Costs.**

5          In patent infringement claims, "[t]he court in exceptional cases may award reasonable

6   attorneys' fees to the prevailing party."  35 U.S.C. § 285.  As this Court has previously held, an

7   award of attorney's fees is a serious matter that may not be undertaken lightly.  <u>See</u> Prior Order

8   at p. 11.  To ensure that the issue is given due consideration, the Court requires additional

9   briefing on the issue.  The parties briefs are not to exceed five pages and must lay out, in detail,

10  Corbis's rationale for seeking fees under § 285 and why E-Data believes an award of fees is not

11  warranted.  The motion for attorney's fees will be noted on the Court's calendar for September

12  23, 2005.  Corbis's motion and E-Data's response will be due in accordance with the non-

13  dispositive motions and briefings schedule set forth in Local CR 7(d)(3).

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING CORBIS'S MOTION
FOR SUMMARY JUDGMENT AND
REQUESTING ADDITIONAL BRIEFING
ON ATTORNEY'S FEES

1

**III.  CONCLUSION**

2      For all of the foregoing reasons and for all the reasons set forth in this Court's Order

3 Granting Summary Judgment and Requesting Additional Briefing on the Issue of Attorney's

4 Fees (Dkt. # 47), Corbis's Motion for Summary Judgment (Dkt. # 51) is GRANTED.  This

5 Court defers ruling on Corbis's request for attorney's fees until it has received additional

6 briefing from the parties.[4]  The Clerk of the Court is directed to note Corbis's motion for

7 attorney's fees under 35 U.S.C. § 285 on the Court's calendar for Friday, September 23, 2005.

8

9      DATED this 29th day of July, 2005.

10

11

12      _____

Robert S. Lasnik

13      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25      [4]The parties are encouraged to continue efforts toward resolution of the case that would not

require the Court to rule on this pending motion.  Any award of attorney's fees will not include fees

26 expended from this point forward.

ORDER GRANTING CORBIS'S MOTION

FOR SUMMARY JUDGMENT AND

REQUESTING ADDITIONAL BRIEFING

ON ATTORNEY'S FEES